IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **TARA J. GONZALES,** § | | **CIVIL ACTION NUMBER** |
| § | | |
| **PLAINTIFF,** § | | |
| § | | |
| V. § | | **7:23-CV-20-DC-RCG** |
| § | | |
| **ODESSA COLLEGE,** § | | |
| § | | |
| § | | |
| **DEFENDANT.** § | | **JURY DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**PLAINTIFF TARA J. GONZALES ("Plaintiff")** files this First Amended Complaint and would respectfully show the Court as follows:

PARTIES

1. Plaintiff is an individual who currently resides in Ector County, Texas.

2. **DEFENDANT ODESSA COLLEGE ("Defendant")** is a public junior college located in Ector County, Texas. Defendant has answered and no service or process is required at this time.

JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964 (Title VII).

4. Venue is proper in the U.S. District Court for the Western District of Texas pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

6. Plaintiff timely filed an amended Charge of Discrimination with EEOC.

7. Plaintiff received a Notice of Right to Sue (NRTS) from the EEOC on or about October 31, 2022. Plaintiff filed suit within ninety (90) days. A true and correct copy of the NRTS is attached hereto as Exhibit A.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## FACTS

9. Employers must maintain a work environment that is free of discrimination and harassment.

10. Employers must refrain from making employment decisions based on a person's race, national origin, or sexual orientation.

11. Employers must prevent retaliation against employees who file grievances or engage in protected activities in accordance with the employers' own rules and guidelines.

12. Defendant is a public junior college.

13. Plaintiff is an educator, trainer, mentor, and Certified Life Coach who obtained a master's degree in Clinical Psychology from the University of Texas Permian Basin while also completing coursework through the University of Pennsylvania Law School, Harvard Law School, and Harvard University.

14. Plaintiff is a Hispanic woman of mixed-race descent who is bisexual.

15. Defendant hires Plaintiff in September of 2019 as a full-time Instructor of Psychology, starting at the beginning of the Fall II term on a prorated 9-month faculty contract.

16. Defendant renews Plaintiff's contract for 2020-21.

17. Defendant renews Plaintiff's contract for 2021-22.  The contracts says that Plaintiff can only be terminated for good cause and/or in accordance with Board Policy.

18. Defendant observes modified operations during the COVID-19 pandemic.

19. During this time, Plaintiff's girlfriend goes to campus with her occasionally and is seen by other faculty members in the Psychology Department.

20. Defendant returns to full operations and its standard procedures for Fall 2021.

21. Plaintiff teaches approximately 48 courses in two-and-a-half years.  Prior to June of 2021, Plaintiff had never been informed of any complaints about her.

22. Plaintiff performs her duties as a college professor proficiently, efficiently, and competently.  Plaintiff is in demand as an educator among Odessa College students and enrollees.

23. On or around August 23, 2021, Plaintiff walks into one of her scheduled classes only to find that it had been reassigned to a non-Hispanic, straight faculty member.

24. Plaintiff asks Department Head Tonia Compton about the schedule change. Compton tells her it is to accommodate adjuncts.  As a full-time faculty member, Plaintiff should have priority over adjuncts.

25. Plaintiff explains the embarrassment and undue hours of work caused by the "oversight" and requests to be included in future scheduling discussions.  Compton agrees.

26. On September 30, 2021, Faculty member Eric Baker observed Plaintiff's on-line Psychology 2301 class and found it to meet expectations in every aspect.

27. After Tonia Compton becomes Chair of the Department of Social and Behavioral Sciences, Plaintiff is subjected to a hostile work environment and is treated differently than non-Hispanic/non-bisexual faculty members, including but not limited to being subjected to a higher level of scrutiny and double standards.

28. On October 29, 2021, Compton sends Plaintiff the upcoming Spring schedule. It was prepared without Plaintiff's input and was the exact opposite of the schedule that she requested.

29. On November 10, 2021, Defendant gives Plaintiff three progressive discipline forms, which were all trivial and/or bogus.

   a. Dean Pervis Evans writes Plaintiff up for "attendance" because Dr. Compton claimed that she was not in her office on November 4, 2021, as of 9:57 am. Plaintiff's office hours do not start until 11:00 am.

   b. Dean Pervis Evans writes Plaintiff up for not having an "outside employment form" on file "based on her outside employment of owning her own business." Plaintiff engages in volunteer counseling hours and is not employed by anyone else.

   c. Dean Pervis Evans writes Plaintiff up for allegedly being out of compliance with her web course.
   Plaintiff had some technical issues with IT that were addressed, and other professors have the same issues that Plaintiff is written up for.

30. Plaintiff does not want to sign the write-ups because she believes them to be false. Plaintiff is not one to go against authority. She begins to cry in the presence of HR Manager Lindsay Bryant. She tells Bryant that this is a witch hunt.

31. Plaintiff makes a complaint to HR on November 11, 2021.

32. On November 12, 2021, HR Manager Lindsay Bryant storms into Plaintiff's office and shouts that she does not have time for this, and Plaintiff should be in HR.  Bryant acts in an aggressive manner and Plaintiff tells her she is making Plaintiff feel uncomfortable and unsafe.

33. Plaintiff takes out her phone and asks Bryant for permission to record.  Bryant agrees, and Plaintiff follows her back to HR.

34. Once in the HR Department, Lindsay presents Plaintiff with another write up from Dean Pervis Evans.  This one is for requesting HR to advertise and post for a research assistant position without approval.

35. Department Head Compton had given Plaintiff verbal instructions to submit the research assistant job description.

36. Defendant also puts Plaintiff on suspension on November 12, 2021.

37. Defendant's HR Department says that it completed an investigation and found no discrimination on November 17, 2021.  The same day,  Defendant gives Plaintiff a notice of intent to terminate her contract mid-term.

38. Also, on November 17, 2021, Defendant writes Plaintiff up again for failing to communicate with a student even though she had been placed on suspension.

39. Plaintiff  follows up with a more detailed complaint on the "Unresolved Grievance Form" on November 23, 2021, stating that she was being targeted due to her ethnic minority status, and that she wants to be treated fairly and equally due to her race, gender, and sexuality.

40. On November 29, 2021, Defendant acknowledges her appeal and sets an appeal hearing for December 8, 2021.

41. The hearing date gives Plaintiff less than the 10-college-business-days' notice required by DGBA (LOCAL).

42. Defendant denies Plaintiff's request for a reset of the hearing date so she can obtain legal counsel.

43. Defendant proceeds to terminate Plaintiff's contract mid-term on December 8, 2021.

**COUNT ONE – TITLE VII – RACE/NATIONAL ORIGIN DISCRIMINATION**

44. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

45. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is Hispanic of mixed race descent. *See* 42 U.S.C. §2000e-5(f).

46. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

47. Defendant intentionally discriminated against Plaintiff by terminating her employment because of her race/national origin.

48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

49. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

**COUNT TWO – TITLE VII – SEX (SEXUAL ORIENTATION) DISCRIMINATION**

50. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

51. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is a bisexual female.  *See* 42 U.S.C. §2000e-5(f).

52. Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

53. Defendant intentionally discriminated against Plaintiff by terminating her employment because of her sexual orientation, which is a form of sex discrimination prohibited by Title VII.

54. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

55. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

## COUNT THREE – TITLE VII - RETALIATION

56. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

57. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. §2000e-5(f).

58. Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

59. Plaintiff engaged in protected activity by making a discrimination complaint, participating in a discrimination investigation, and opposing discriminatory practices by Defendant.  Plaintiff suffered a materially adverse employment action when she was suspended and/or terminated.  There is a causal connection between Plaintiff's protected activity and

Defendant's unlawful employment practices.  Plaintiff suffered damages as a result of Defendant's conduct.

60. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

61. As a result of actions taken by Defendant and its employees acting in the course and scope of their employment, Defendant has discriminated against Plaintiff and retaliated against her by terminating her.

## INTERSECTIONAL DISCRIMINATION

62. Alternatively, Defendant has discriminated against Plaintiff on the basis of the combination of two or more protected traits, namely, Defendant discriminated against Plaintiff because she is a bisexual, multiracial, Hispanic woman.

## DAMAGES

63. Plaintiff was discharged from employment.  She has diligently sought other employment but appears to have been "blackballed" by other institutions of higher education in the area.  Plaintiff seeks compensation for all back pay and lost wages and benefits.  Plaintiff suffered damages to her pension and retirement benefits.  Reinstatement to Plaintiff's previous position is not feasible.  Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits.  Plaintiff suffered mental anguish and emotional distress.  Plaintiff has suffered injury to her reputation as alleged above.  Plaintiff is entitled to exemplary damages because Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

## INTEREST

64. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## ATTORNEY'S FEES

65. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

66. Plaintiff demands a jury trial.

Respectfully submitted,

By: /s/ Holly B. Williams
Holly B. Williams
Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF
TARA J. GONZALES**

## CERTIFICATE OF SERVICE

I hereby certify that that on August 4, 2023, a copy of the foregoing was filed electronically, with a notice of case activity to be generated and sent electronically by the Clerk of the Court to counsel of record in this case as follows:

Stephen D. Henninger / shenninger@fhmbk.com
Thomas P. Brandt / tbrandt@fhmbk.com
John F. Roehm, III / jroehm@fhmbk.com
**FANNING HARPER MARTINSON BRANDT & KUTCHIN**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, TX  75231

/s/ Holly B. Williams
Holly B. Williams